CITY OF EL PASO v. THOMAS H. CONKLIN.

Motion No. 537.—Application No. 1709.—Decided March 7, 1898.

1. Corporation—Powers—Legislative Recognition.

The effect of legislative recognition of a given power as existing in a corporation, —like that of the recognition of the existence of a corporation irregularly organized,—is to confer such power upon the corporation, so far as to prevent it being collaterally questioned. (P. 539.)

2. Same—City—Power to Control Public Schools.

The Special Charter of the City of El Paso (Act, March 2, 1889), in view of the power conferred by Const., art. 11, sec. 10, held to embrace a legislative recognition of the right of that city to control its public schools. (P. 539.)

**3.  Same—School Tax.**

But such recognition of this right did not relate back so as to make valid a vote of the citizens authorizing the levy of a tax for school purposes, had before the adoption of such charter and without having first lawfully assumed control of its schools,—such constitutional provision permitting the vote for such tax only in cities having charters authorizing it.   (P. 539.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

An application for writ of error by the city was refused, February 3, 1898, without written opinion.   Applicant filed a motion for rehearing, upon which the present opinion was delivered.   No briefs have reached the Reporter.

*Willard Patterson, T. J. Beall* and *Wynham Kemp,* for plaintiff in error.   (From petition for writ of error).—The city of El Paso sued T. H. Conklin in the District Court of  El Paso County, to recover delinquent taxes for the years 1887, 1892, 1893, 1894 and 1895, and to have its lien for such delinquent taxes foreclosed upon certain lands.   The lower court rendered judgment for the taxes sued for, foreclosing the lien set up on the lands described in the city's petition, and allowed interest at the rate of six per cent upon the delinquent taxes from the time they became delinquent.   The Court of Civil Appeals at San Antonio reformed the judgment of the trial court, holding that the school tax levied for the support of the public free schools of El Paso, for each of the years mentioned, and the tax to pay interest and provide a sinking fund for the El Paso school house bonds, were invalid for the reason that the city of El Paso was never regularly organized as an independent school district, and holding that interest can not be recovered upon taxes, which became delinquent prior to 1895.   Your petitioner filed its motion for a rehearing which was, upon the points hereinafter urged, overruled by the Court of Civil Appeals.   Your petitioner assigns the following errors:

The Honorable Court of  Civil Appeals erred in sustaining the appellant's first assignment of error, which is based upon the contention that El Paso was not  legally organized as an independent  school district in 1882, and erred in holding that the taxes levied for  the support of  the public free schools of El Paso were illegal, and that article 3781 of the Revised Statutes of  1879 was  repealed by implication  through the enactment of Chapter 67 of the session acts of 1879 (act of April 3, 1879), and in holding that in 1882 a city was not  authorized by law to organize itself  into an independent school district upon a vote of  tax payers.

The Court of Civil Appeals erred in sustaining  the appellant's fourteenth assignment of  error, and in holding that the taxes levied to pay the interest on, and  to provide a sinking  fund for, the El Paso  public school bonds, were illegal  upon the ground that at  the time the bonds were issued the city of  El Paso was not an independent school district.

The Court of Civil Appeals erred in holding that the judgment of the

trial court was erroneous in so far as it allowed interest on delinquent taxes for the years prior to 1895; and in holding that by the provisions of the Act of 1895 (art. 5232b, Rev. Stats., 1895), interest cannot be collected upon taxes due by a delinquent prior to that year.

GAINES, CHIEF JUSTICE.—As indicated by our refusal of the application for the writ of error, we think that the Court of Civil Appeals correctly disposed of the questions presented upon the appeal. The opinion of Chief Justice James ably discusses the points involved, and in a manner satisfactory to us in the main. We incline, however, to the opinion that the special charters of the City of El Paso recognize the city as having control of its public free schools and that the effect of that recognition is to confer such control upon the city council. Section 10 of article 11 of the Constitution provides that "the Legislature may constitute any city or town a separate and independent school district." It is to be presumed that the Legislature when it passed the special charters in question knew that the city had been exercising control of its schools and intended to authorize it to continue to do so. In regard to the effect of a legislative recognition of the existence of a corporation, "the rule is that, although the organization of a corporation may be irregular, in such a sense that it could be overthrown in a direct proceeding by the State, yet where its corporate existence has been recognized by the Legislature, this will make it a good corporation, for the purposes of collateral proceedings." 1 Thompson on Coporations, sec. 512. It seems to us that the same rule should apply to a legislative recognition of a corporate power. But the section of the Constitution from which we have already quoted, continues as follows: "And when the citizens of any city or town have a charter, authorizing the city authorities to levy and collect a tax for the support and maintenance of a public institution of learning, such tax may hereafter be levied and collected, if, at an election held for that purpose, two-thirds of the taxpayers of such city or town shall vote for such tax." It results from this provision that, before a tax can be levied by any city or town for the support of its public schools, the tax must first be voted, and that before an election can be had such city or town must first have authority to control the schools. When the tax was voted in this case, such authority did not exist; and the provisions in the special charters in question cannot be construed to relate back and to give validity to a vote not authorized by the Constitution at the time the election took place.

The motion for a rehearing is overruled.